14375/MJL/rf
2-14-07



KC **FILED**
FEB 21, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHEREN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| DAMIEN D. MATHENA, ) <br> ) <br> Plaintiff(s), ) <br> ) <br> v. ) <br> ) <br> STATE OF ILLINOIS, a Body Politic and ) <br> Corporate, ) <br> ) <br> Defendant(s). ) | 07CV990 <br> JUDGE KENDALL <br> MAGISTRATE JUDGE VALDEZ |

### COMPLAINT AT LAW

#### I. PARTIES

1. Plaintiff, DAMIEN D. MATHENA, is an adult, resident of the City of Wilmington, County of Will and State of Illinois

2. Defendant, STATE OF ILLINOIS, is a Body Politic and its agency, the Department of Corrections was Plaintiff's employer at all times relevant herein.

#### II. JURISDICTION

3. This lawsuit is brought pursuant to Federal Statute, namely the "Americans with Disabilities Act", 42 USCA, Sec. 12101 et seq. This Court has jurisdiction over the claim pursuant to 280USCA, Sec. 1331, 1343 and 745 ILCS 5/1.5.

## III. DISCRIMINATION CHARGE

## FILED WITH EEOC

4. Plaintiff timely filed a charge of discrimination against the Defendant with the Equal Employment Opportunity Commission. Plaintiff received a notice of his Right to Sue from the Equal Employment Opportunity Commission on December 5, 2006, which is within 90 days of filing of this Complaint. A copy of the notice is attached as Exhibit "A".

## IV. DISCRIMINATION UNDER

## AMERICAN WITH DISABILITIES ACT

5. Plaintiff was hired as a corrections officer and he began training in the Defendant's training academy on or about November 29, 2004.

6. Plaintiff is disabled by blindness in his left eye. He is otherwise qualified to perform the essential functions of his job as a correction officer.

7. Plaintiff required reasonable accommodations during training in order to complete the training program and perform his job.

8. Plaintiff specifically requested that he be allowed extra time and practice rounds in order to complete weapons training at the academy.

9. Despite Plaintiff's request for accommodations, Defendant failed to provide the reasonable accommodations, including but n to limited to extra time and practice rounds.

10. Plaintiff passed all but one of the weapons training tests. Failing the target shooting with a shotgun test.

11. The ability to shoot a shotgun, particularly as tested at the training academy, is not required to meet the essential job duties of a corrections officer.

12. The Defendant terminated Plaintiff's employment become of his disability on or about December 20, 2004.

13. The Defendant's termination of Plaintiff's employment was intentional discrimination in violation of the "Americans with Disability Act".

14. As a direct and proximate result of Defendant's discrimination acts, Plaintiff suffered and continues to suffer from significant damages including lost wages, lost benefit, lost senivrity, and other related damages.

WHEREFORE, Plaintiff, prays that judgment be entered in his favor in an amount to be determined at trial encompassing back pay, front pay, emotional distress, attorneys' fees, costs and other monetary damages deemed appropriate, In addition, Plaintiff requests an order of reinstatement to his position with all benefits and senivrity to which he would be entitled.

_____
Attorneys for Plaintiff(s)

Martin J. Lucas
**ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD.**
161 North Clark Street - 21st Floor
Chicago, IL 60601
312/372-3822

3

U.S. Department of Justice

Civil Rights Division

*Disability Rights Section - NYA*
*950 Pennsylvania Avenue, NW*
*Washington, DC 20530*

November 16, 2006

DJ# 205-23-0

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Copy Brady

1 312 353 5543

Mr. Damien D. Mathena
21861 Smiley Road
Wilmington, Illinois 60481

    Re: EEOC Charge Against: Illinois Department of
                                     Corrections
        EEOC No.: 210-2005-08212
        DJ#: 205-23-0  Sorris

Dear Mr. Mathena:

**NOTICE OF RIGHT TO SUE WITHIN 90 DAYS**

    It has been determined that the Department of Justice will not file suit on the above-referenced charge of discrimination that was referred to us by the Equal Employment Opportunity Commission (EEOC). This should not be taken to mean that the Department of Justice has made a judgment as to whether or not your charge is meritorious.

    You are hereby notified that conciliation on your case was unsuccessful by the EEOC. <u>You are further notified that you have the right to institute a civil action under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12111, et seq., against the above-named respondent. If you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice.</u>

    Therefore, if you wish to pursue this matter, you should consult an attorney at your earliest convenience. If you are unable to locate an attorney, you may wish to contact the EEOC or apply to the appropriate court, since that court may appoint an attorney in appropriate circumstances under Section 706(f)(1) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1), referenced in Section 107(a) of the ADA, 42 U.S.C. § 12117(a).

EXHIBIT A

-2-

We are returning the files in this matter to EEOC's District Office. If you or your attorney have any questions concerning this matter or wish to inspect the investigative file, please address your inquiry to:

John C. Hendrickson
Regional Attorney
Equal Employment Opportunity Commission
Chicago District Office
500 West Madison Street, Suite 2800
Chicago, Illinois 60661    1-800-669-4000

We are forwarding a copy of this Notice of Right to Sue to the Respondent in this case.

Sincerely,

Wan J. Kim
Assistant Attorney General

BY: _____
Allison J. Nichol
Deputy Chief
Disability Rights Section

cc:
   Illinois Department of Corrections